# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2022

Lyle W. Cayce
Clerk

No. 21-60102
Summary Calendar

Donard Mbeawoh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 600 568

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Donard Mbeawoh, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Convention Against Torture (CAT).  We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Attacking the agency's adverse credibility determination, Mbeawoh asserts that the inconsistencies and omissions identified by the BIA were minor and were explained by his testimony.  He asserts that his credible fear interview (CFI) should be given less weight than his testimony before the IJ in determining his credibility.  Mbeawoh also argues that the BIA erred in taking into account his failure to provide corroborating evidence in making the adverse credibility determination.

The above contentions lack merit.  "The factfinder may rely on any inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim," and "discrepancies among an alien's CFI, other records, and testimony can be considered in deciding credibility."  *Avelar-Oliva v. Barr*, 954 F.3d 757, 767, 765 (5th Cir. 2020).  Neither the IJ nor the BIA was required to accept Mbeawoh's explanations for the discrepancies, even if those explanations were plausible.  *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).  Further, the BIA does not err in partially basing an adverse credibility determination on Mbeawoh's failure to produce corroborating evidence.  *See Avelar-Oliva*, 954 F.3d at 772.  Here, the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination.  *Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted).  Mbeawoh has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse

credibility ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).[1]

Mbeawoh's argument that the agency erred by failing to consider his corroborating evidence in evaluating his asylum claim is refuted by the record, which reflects that the BIA gave "meaningful consideration" to such evidence. *Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018). His assertion that the BIA erred because it failed to consider the evidence of country conditions that supported his claim of a fear of future persecution on account of his political opinion is unavailing. The agency's broad adverse credibility determination is fatal to his claims for asylum and withholding of removal, because, without credible testimony, Mbeawoh's cannot establish the requisite subjective fear of future persecution. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021).

Finally, because Mbeawoh has not raised a challenge to the denial of his claim for protection under the CAT, he has abandoned the claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition for review is DENIED.

---

[1] To the extent that Mbeawoh challenges inconsistencies which the BIA did not rely on in its credibility analysis and raises contentions that relate to the IJ's determination that he had not met his burden to establish his identity, we do not consider the issues raised because the BIA did not address them. *See Avelar-Oliva*, 954 F.3d at 766-67.